**Irene LEMOS, Plaintiff,**

v.

**Maria PATERAS, Defendant.**

**No. 97 Civ 7838(BDP).**

United States District Court,
S.D. New York.

April 23, 1998.

Gerald A. Rosenberg, Rosenman & Colin, New York City, for Plaintiff.

Raymond T. Munsell, Windels, Marx, Davies & Ives, New York City, for Defendant.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Irene Lemos commenced this action against her sister, Maria Pateras, to recover an interest in real property located in Pelham, New York, against which Lemos filed a Notice of Pendency after the initiation of this action. The complaint invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). Pateras moves to dismiss the complaint for lack of subject matter

jurisdiction. For the reasons that follow, the motion is granted.

Section 1332(a)(2) extends this Court's subject matter jurisdiction to matters involving "citizens of a State and citizens or subjects of a foreign state." Pateras is a citizen of New York. Lemos, a citizen of Greece and a domiciliary of the United Kingdom, was born in New York City and lived there until she was 12 years old. By virtue of her birth in this country, the plaintiff is a citizen of the United States. After leaving the United States, the plaintiff lived abroad and never reestablished a residence within the United States. Plaintiff has never relinquished her United States citizenship and holds both Greek and American passports. Whether this Court possesses subject matter jurisdiction turns on whether plaintiff, a citizen of both the United States and Greece, is a "citizen or subject of a foreign state" for jurisdictional purposes.

 "[T]here is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity jurisdiction under 28 U.S.C. § 1332." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir.1996). Courts in this Circuit have accepted this view. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir.1991) (quoting *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980)). For the purpose of diversity jurisdiction, the plaintiff, therefore, is not "a citizen or subject of a foreign state." Consequently, the Court does not have subject matter jurisdiction under § 1332(a)(2).

Nor may subject matter jurisdiction be predicated on § 1332(a)(1), which grants district courts jurisdiction over actions between citizens of different states. For purposes of diversity jurisdiction, one is a citizen of the state where one is domiciled. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980); *Galu v. Attias*, 923 F.Supp. 590, 594 (S.D.N.Y.1996). Because plaintiff is not a United States domiciliary, she is a citizen of no state for purposes of diversity jurisdiction. *See Sadat v. Mertes*, 615 F.2d at 1180.[1]

For the reasons stated, this Court concludes that it lacks subject matter jurisdiction over this action. The Clerk of the Court is directed to dismiss the complaint. Within 10 days of the date of this Order, Lemos shall withdraw the Notice of Pendency filed in connection with this action.

**SO ORDERED.**

---

**1.** If plaintiff were a citizen of any state, that state would be New York, in which case diversity jurisdiction would also not exist.